1  Aaron M. McKown (SBN 208781)
   Tony J. Cheng (SBN 235009)
2  **McKOWN BAILEY**
   520 Newport Center Drive, Suite 470
3  Newport Beach, California 92660
   Telephone: (949) 858-3200
4  Email: aaron@mckownbailey.com
          tony@mckownbailey.com
5

6  Attorneys for Defendant
7  WORLD TECH TOYS, INC.

8  # IN THE UNITED STATES DISTRICT COURT
9  # FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BUR-TEX HOSIERY, INC., an Alabama corporation,<br><br>Plaintiff,<br><br>vs.<br><br>WORLD TECH TOYS, INC., a California corporation; INOV8 MARKETING LLC, a New York limited liability company; JACK SAFDEYE, an individual; DAVID LINKER, an individual; and DOES 1 through 10, inclusive,<br><br>Defendants. | No. 2:22-cv-07547-JAK-AS<br><br>The Hon. John A. Kronstadt<br><br>**DECLARATION OF AARON M. McKOWN IN SUPPORT OF DEFENDANT WORLD TECH TOYS, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS FOR FORUM NON CONVENIENS**<br><br>Date: February 6, 2023<br>Time: 8:30 a.m.<br>Crtrm.: 10B |

I, Aaron M. McKown, hereby declare:

1. I am an attorney licensed to practice law in all state and federal courts in the State of California. I am counsel of record for Defendant World Tech Toys, Inc. ("WTT") in this action. I have personal knowledge of the matters set forth in this Declaration and if called upon to testify in court, I could and would competently do so.

2. On November 30, 2022, I telephoned counsel for Plaintiff Bur-Tex Hosiery, Inc. ("Plaintiff"). During this initial call, I requested a brief 15-day extension to file a responsive pleading and I asked to meet and confer pursuant to Local Rule 7-3 regarding WTT's intention to file a motion to dismiss for forum non conveniens. The attorney indicated that Plaintiff's lead counsel, Stefano Riznyk, was boarding a flight that afternoon, but that he would return my call the following day.

3. The next morning, on December 1, 2022, I received a return call from the same attorney with whom I spoke the day before. He informed me that while his office would have granted my request for an extension, his client wanted to convey, through a vulgar expression, that he would not grant my request. The attorney then engaged me in a substantive discussion regarding the WTT's motion to dismiss.

4. During our call, I explained that the Settlement Agreement, which was attached as Exhibit H to the Complaint, contained a mandatory forum selection clause with New York as the required venue, that the case law was clear that these clauses are enforced absent exceptional circumstances after the Supreme Court's ruling in *Atlantic Marine*, and that dismissal was warranted. The attorney asked about WTT's ability to enforce because it was not a signatory to the Settlement Agreement, to which I responded that under closely related doctrine, which is recognized in both the Ninth and Second Circuits, non-signatories, such as WTT, who are closely related to the contractual relationship, may enforce a mandatory forum selection clause. I then offered to provide some authorities for his consideration. He provided me with an

1

DECLARATION OF AARON M. McKOWN IN SUPPORT OF
DEFENDANT WORLD TECH TOYS, INC.'S NOTICE OF MOTION AND MOTION TO
DISMISS FOR FORUM NON CONVENIENS

email address for his firm.

5. After concluding our call, I sent Plaintiff's counsel an email memorializing our discussion and providing the authorities promised. A true and correct copy of my email is attached hereto as **Exhibit A**.

6. Later that evening, on December 1, 2022, I received a call from Mr. Riznyk. Mr. Riznyk and I discussed the various issues that I previously raised in both the earlier call and my email. Mr. Riznyk and I disagreed regarding the enforceability of the forum selection clause. I asked Mr. Riznyk why his client, which is located in Alabama, cared that the case was in California as opposed to New York to which he simply stated that California was his client's choice of forum irrespective of the forum selection clause. Ultimately, Mr. Riznyk and I were unable to resolve any of the issues raised in WTT's current motion to dismiss.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed on this 8th day of December, 2022 in Newport Beach, California.

_____
Aaron M. McKown

2

DECLARATION OF AARON M. McKOWN IN SUPPORT OF
DEFENDANT WORLD TECH TOYS, INC.'S NOTICE OF MOTION AND MOTION TO
DISMISS FOR FORUM NON CONVENIENS

# EXHIBIT A

## Aaron McKown

| | |
|---|---|
| **From:** | Aaron McKown |
| **Sent:** | Thursday, December 1, 2022 4:39 PM |
| **To:** | counsel@sandiegobizlaw.com |
| **Cc:** | Sylvia Li |
| **Subject:** | LR 7-3:  Bur-Tex v. WTT |

Counsel,

The purpose of this email is to follow-up on the call that I had earlier today with your office (and the message I left yesterday).  As an initial matter, you indicated that your office would have granted the professional courtesy of a 15-day extension, but that your client told me to "kiss my ass."  Accordingly, we will proceed with filing our answer in due course.

We also participated on an initial meet and confer pursuant to L.R. 7-3 regarding WTT's intended motion to dismiss for forum non-conveniens.  I explained that the Settlement Agreement attached as Exhibit H to the Complaint contains a mandatory forum selection clause (uses the word "must" not "may") requiring that any suit arises out of or related to the Settlement Agreement be filed in the federal or state courts in New York.  I explained that the subject matter of this suit is related to the Settlement Agreement (it both arises out of and/or is related to Plaintiff's purchase of WTT's PPEAid gloves through Inov8).  The fact that Plaintiff attached the Settlement Agreement to the Complaint and incorporated it by reference shows its belief that this case arises out of or is related to the Settlement Agreement.  I further explained that since the Supreme Court's decision in *Atlantic Marine Const. Co., Inc. v. U.S. Dist. Court for Western Dist. of Texas* 571 U.S. 49 (2013), courts will not consider the plaintiff's choice of forum or any private factors as those are considered waived and that mandatory forum selection clauses will be enforced absent exceptional circumstances for which I could think of none and none were raised by you on our call.

I was then asked whether WTT was a signatory to the Settlement Agreement.  I stated it was not but that it did not need to be in either the Ninth or Second Circuits as both apply the "closely related" doctrine.  I promised to provide you some authorities on that.  Here are a few directly on point:

"The Ninth Circuit permits non-parties to enforce forum-selection clauses, provided that 'the alleged conduct of the non-parties is so closely related to the contractual relationship that the forum[-]selection clause applies.'"  *Notorious B.I.G. LLC v. Hutson*, 2014 U.S. Dist. LEXIS 194905, *8-9 (C.D. Cal. July 3, 2014) (quoting *Manetti-Farrow, Inc. v. Gucci Am., Inc.*, 858 F.2d 509, 514 n.5 (9th Cir. 1988)); *see also Holland Am. Line Inc. v. Wartsila N. Am., Inc.*, 485 F.3d 450, 456 (9th Cir. 2007) (forum-selection clause enforceable against non-signatories who were "part of the larger contractual relationship" between contracting parties).

In the Second Circuit, "[a] non-signatory may enforce a forum selection clause when it is closely related to a signatory.'"  *Magi XXI, Inc. v. Stato della Citta del Vaticano*, 818 F. Supp. 2d 597, 605-06 (E.D.N.Y. 2011) (citations omitted); *see also Firefly Equities, LLC v. Ultimate Combustion Co.*, 736 F. Supp. 2d 797, 799 (S.D.N.Y. 2010) ("Courts in [the Second] Circuit and elsewhere have articulated and applied the 'closely related' doctrine." (collecting cases)).

Here, WTT is closely related to the contracting parties – it provided the very products that were part of the original contracts at issue and which eventually became the subject of the Settlement Agreement.  WTT is also one of the beneficiaries under the release set forth in Section 3 of the Settlement Agreement.  As such, WTT may enforce the mandatory forum selection clause at issue.

Please review the above authorities and advise if Plaintiff will dismiss the present action without prejudice.  Assuming your client's response is similar to my request for a professional courtesy, we will proceed with filing the motion.  Of course, the difference between my prior request and this meet and confer is that you have Rule 11 obligations and have filed suit in the demonstrably wrong forum.

We look forward to your response.

Regards,
Aaron



McKOWNBAILEY
Aaron M. McKown
Managing Partner
Chair, Litigation Practice Group
520 Newport Center Drive, Suite 470
Newport Beach, CA 92660
(949) 594.5821 (direct)
aaron@mckownbailey.com
www.mckownbailey.com