STILESPOMEROY LLP
MICHAEL J. STILES – State Bar No. 179214
  mstiles@stilespomeroy.com
301 E. Colorado Blvd., Suite 600
Pasadena, California 91101
Telephone: (626) 243-5599
Facsimile: (626) 389-0599

Attorneys for Defendants
INOV8 MARKETING, LLC and JACK SAFDEYE

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BUR-TEX HOSIERY, INC., an Alabama corporation<br><br>Plaintiff,<br><br>v.<br><br>WORLD TECH TOYS, INC., a California corporation; INOV8 MARKETING LLC, a New York limited liability company; JACK SAFDEYE, an individual; DAVID LINKER, an individual; and DOES 1-10, inclusive<br><br>Defendants. | CASE NO. 2:22-cv-07547-JAK-AS<br><br>**DEFENDANTS INOV8 MARKETING LLC AND JACK SAFDEYE'S NOTICE OF MOTION AND MOTION TO DISMISS FOR FORUM NON CONVENIENS**<br><br>Judge: Hon. John A. Kronstadt<br>Filed: September 8, 2022<br><br>Date: March 13, 2023<br>Time: 8:30 am<br>Location: Courtroom 10B<br><br>*Filed concurrently herewith: Declaration of Michael J. Stiles* |

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE THAT on March 13, 2023 at 8:30 a.m., or as soon thereafter as the matter may be heard by the Honorable John A. Kronstadt in Courtroom 10B of the United States Courthouse for the Central District of California, Western Division, located at 350 West First Street, Los Angeles, California 90012,

| | |
|---|---|
| 1 | Defendants Inov8 Marketing LLC ("Inov8") and Jack Safdeye ("Safdeye") will and |
| 2 | hereby do move the Court to dismiss the entire action against them for forum non |
| 3 | conveniens. |
| 4 | This motion is made and based upon this Notice of Motion and Motion, the |
| 5 | Memorandum of Points and Authorities provided herewith, the Declaration of |
| 6 | Michael J. Stiles, and the pleadings and papers filed in this matter, including, without |
| 7 | limitation, Plaintiff's Complaint and all attachments thereto and Defendant World |
| 8 | Tech Toys, Inc.'s Notice of Motion and Motion to Dismiss for Forum Non |
| 9 | Conveniens filed on or about December 8, 2022 in this matter and all related |
| 10 | supporting, opposition and reply papers, and such other arguments and matters as |
| 11 | may be offered at the time of the hearing on this motion. |
| 12 | This motion is made following moving Defendants' good faith effort to meet |
| 13 | and confer with Plaintiff regarding the substance of this motion, including an |
| 14 | exchange of emails between respective counsel on December 22 and 23, 2022 and |
| 15 | January 11, 2023 and a telephonic conference on December 22, 2022. *See* |
| 16 | Declaration of Michael J. Stiles filed concurrently herewith. |

DATED: January 20, 2023  STILESPOMEROY LLP

By: _____/s/ *Michael J. Stiles*_____
MICHAEL STILES
Attorneys for Defendants INOV8
MARKETING LLC and JACK SAFDEYE

**TABLE OF CONTENTS**

| | | | |
|---|---|---|---|
| I. | **INTRODUCTION** | | 1 |
| II. | **FACTS** | | 3 |
| | A. | RELEVANT TIMELINE | 3 |
| | B. | THE SETTLEMENT AGREEMENT | 4 |
| III. | **LEGAL ARGUMENT** | | 5 |
| | A. | THE SETTLEMENT AGREEMENT CLEARLY AND UNAMBIGUOUSLY GRANTS EXCLUSIVE JURISDICTION TO NEW YORK COURTS | 6 |
| | B. | THE MANDATORY FORUM SELECTION PROVISION IS ENFORCEABLE DESPITE BUR-TEX'S ALLEGATION OF INDUCEMENT. | 7 |
| IV. | **CONCLUSION** | | 10 |

## TABLE OF AUTHORITIES

*Atlantic Marine Construction Co., Inc. v. U.S. District Court for Western Dist. of Texas*, 571 U.S. 49, 63 (2013) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1,7

*M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 15 (1972) . . . . . . . . . . . . . 2,8

*Petersen v. Boeing Co.*, 715 F.3d 276, 280 (9th Cir. 2013) . . . . . . . . . . . . . . . 2,8

*Scherk v. Alberto–Culver Co.*, 417 U.S. 506, 519 fn. 14 (1974) . . . . . . . . . . . 2,8

*Richards v. Lloyd's of London*, 135 F.3d 1289, 1297 (9th Cir. 1998) . . . . . . . . 2,8

*Sinochem Int'l v. Malaysia Int'l Shipping Corp.* 549 U.S. 422, 430 (2007) . . 6

*Sun v. Advanced China Healthcare, Inc.*, 901 F.3d 1081, 1086 (9th Cir. 2018) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6,7

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

On March 4, 2021, Defendants Inov8 Marketing LLC ("Inov8") and its CEO Jack Safdeye ("Safdeye") entered into a Settlement Agreement and Release ("Agreement") with Plaintiff Bur-Tex Hosiery, LLC ("Bur-Tex") regarding Inov8's facilitation of Bur-Tex's purchase of nitrile gloves, including gloves from Defendant World Tech Toys, Inc. ("World Tech"). The Agreement, by its express terms, resolved any and all claims Bur-Tex may have had against Inov8 and its officers, employees and agents, including Safdeye, arising out of Bur-Tex's purchase of World Tech gloves.

Dispositively, the Settlement Agreement unequivocally states: "Any legal suit, action or proceeding arising out of or relating to this Agreement ***must be instituted*** in the federal courts of the United States of America or the courts of the State of New York, ***in each case*** located in the City of New York and County of New York." (Emphasis added.) Despite this mandatory forum selection provision, Bur-Tex filed the instant action in the Central District of California.[1]

The United States Supreme Court has declared "[a] valid forum-selection clause [should be] given controlling weight in all but the most exceptional cases." *Atlantic Marine Construction Co., Inc. v. U.S. District Court for Western Dist. of Texas*, 571 U.S. 49, 63 (2013). In an ill-fated effort to state such an exceptional case, the Complaint contends Bur-Tex was induced to sign the Settlement Agreement by alleged misrepresentations made by Safdeye and Defendant David Linker regarding a

---

[1] Although Bur-Tex attached a copy of the Settlement Agreement to the 64-page Complaint as Exhibit H, it failed to discuss the substance of the Settlement Agreement much less mention the mandatory forum selection provision.

1

<em>INOV8 AND SAFDEYE'S MOTION TO DISMISS FOR FORUM NON CONVENIENS</em>

potential purchaser of Bur-Tex's gloves.

Setting aside that the Settlement Agreement contains Bur-Tex's express representation and acknowledgement that, in signing the agreement, it had not relied on such representations, both the United States Supreme Court and the Ninth Circuit Court of Appeals have declared that general assertions of inducement or fraud do not present an exceptional case. *See M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 15 (1972); *see also Petersen v. Boeing Co.*, 715 F.3d 276, 280 (9th Cir. 2013).

Explaining *M/S Bremen* two years later, the Supreme Court stated: "In *The Bremen* we noted that forum-selection clauses 'should be given full effect' when 'a freely negotiated private international agreement [is] unaffected by fraud . . .' 407 U.S., at 13, 12. This qualification does not mean that any time a dispute arising out of a transaction is based upon an allegation of fraud, as in this case, the clause is unenforceable. Rather it means that an arbitration or forum-selection clause in a contract is not enforceable if the *inclusion of that clause in the contract* was the product of fraud or coercion." *Scherk v. Alberto–Culver Co.*, 417 U.S. 506, 519 fn. 14 (1974) (Emphasis in original.). The Ninth reiterated the Supreme Court's pronouncement in *Richards v. Lloyd's of London*, 135 F.3d 1289, 1297 (9th Cir. 1998), declaring "[f]or a party to escape a forum selection clause on the grounds of fraud, it must show that 'the *inclusion of that clause in the contract* was the product of fraud or coercion.' (citations omitted)."

At best, the instant Complaint alleges that Bur-Tex was fraudulently induced to enter into the Settlement Agreement.[2] It makes no mention of the forum selection

---

[2] Although not pertinent to resolution of the instant motion, Moving Defendants contend that Bur-Tex has not sufficiently pled fraud in the inducement as the

provision, and certainly does not allege that the inclusion of forum selection clause in the Settlement Agreement was the product of fraud. Bur-Tex's failure to so allege is fatal to its claims against Inov8 and Safdeye in this case and deprives this Court of jurisdiction over the matter. Consistent with the unambiguous mandatory language of the Agreement, and controlling Supreme Court and 9th Circuit precedent, Defendants Inov8 Marketing LLC and Jack Safdeye should be dismissed.[3]

## II. FACTS

Bur-Tex's Complaint contains several causes of action against Inov8 and Safdeye arising out of Bur-Tex's purchase of World Tech nitrile gloves. (*See, generally,* Complaint, Dkt. 1). The alleged misconduct involving Inov8 and Safdeye culminated in Bur-Tex's execution of a Settlement Agreement and Release with Inov8 and Safdeye on March 4, 2021 as set forth below.

### A. RELEVANT TIMELINE

The Complaint sets forth the following timeline of pertinent events relative to the claims made against Inov8 and Safdeye in the present action:

- October 30, 2020: Bur-Tex entered into a written agreement with Cintas Corporation for the personal protective equipment ("PPE"), including nitrile gloves (Dkt. 1, ¶ 24);

- Late October/Early November 2020: In furtherance of the agreement with

---

Complaint lacks the requisite specificity to meet the heightened pleading standards for fraud.

[3] On December 8, 2022 Defendant World Tech Toys, Inc. filed its Motion to Dismiss relying on the forum selection provision in the Settlement Agreement. The present Motion differs substantively only in that Inov8 and Safdeye are parties and signatories to the Settlement Agreement. The hearing on World Tech's motion is presently set for February 6, 2023.

Cintas, Bur-Tex contacted Inov8 and Safdeye to source suppliers of nitrile gloves (Dkt. 1, ¶ 30);

- <u>November 24, 2020</u>: Bur-Tex is informed that World Tech could supply nitrile gloves (Dkt. 1, ¶ 32);

- <u>December 2, 2020 through December 14, 2020</u>: Cintas ordered a total of 160,000 boxes of nitrile gloves from Bur-Tex (Dkt. 1, ¶ 39)

- <u>February 2021 (date not specified)</u>: Cintas informs Bur-Tex that the gloves are not 100% nitrile and declares its intent to place stops on all future orders (Dkt. 1, ¶ 48);

- <u>February 2021 (date not specified)</u>: Inov8 returns $3,154,140 to Bur-Tex (Dkt. 1, ¶ 102);

- <u>February 19, 2021</u>: Safdeye and Inov8 "returned an additional $250,000" to Bur-Tex, leaving $258,390.50 allegedly due to be returned (Dkt. 1, ¶ 103);

- <u>February 2021 (exact date not alleged)</u>: Safdeye allegedly tells Bur-Tex that all remaining funds had been transferred to World Tech and that World Tech refused to refund the remaining money paid (Dkt. 1, ¶ 57);

- <u>March 4, 2021</u>: Bur-Tex entered into the Settlement Agreement and Release with Inov8 and Safdeye (Dkt. 1, ¶ 59).

B.   THE SETTLEMENT AGREEMENT

On March 4, 2021, Bur-Tex executed the Settlement Agreement and Release. (Dkt. 1, Ex. H). Brent Burgess signed the Settlement Agreement on behalf of Bur-Tex. (Dkt. 1, Ex. H, p. 6). Mr. Burgess wrote his Title with Bur-Tex into the Settlement Agreement's signature block as "CEO." *Id.* The Settlement Agreement relieved Bur-Tex of any further obligation to purchase nitrile gloves through Inov8 or

take future delivery of product already purchased by Bur-Tex. (Dkt. 1, Ex. H, ¶ 1.)

Among other things, the Settlement Agreement provides:

- "The Parties . . . and their past, present, and future officers, directors . . agents, employees, managers, representatives . . . hereby release and discharge the other . . . from all known and unknown . . . causes of action, suits. . . . expenses (including attorneys' fee and costs actually incurred, and punitive damages, of any nature whatsoever, known or unknown, which either Party has or may have had, against the other Party, whether or not apparent or yet to be discovered, or which may hereafter develop, for any acts or omissions related to or arising from (a) the order, purchase, and sale of the Products at issue, whether or not such Products were delivered, including without limitation the quality of the Products and the deposits referenced in Section 2 (the "Dispute"), (b) an (sic) agreement between the Parties, (c) any other matter between the Parties and/or (d) any claims under federal, state or local law, rule or regulation." (Dkt. 1, Ex. H, ¶ 3);

- "This Agreement constitutes the entire agreement and understanding of the Parties and supersedes all prior negotiations and/or agreements, proposed or otherwise, written or oral concerning the subject matter hereof." (Dkt. 1, Ex. H, ¶ 8);

- "This Agreement and all related documents, and all matters arising out of or relating to the making or performance of this Agreement, whether sounding in contract, tort, or statute are governed by, construed in accordance with and enforced under the laws of the State of New York, United States of America (including its statutes of limitations), without giving effect to the conflict of laws provisions thereof to the extent such principles or rules would require or permit the aplicaiton of the laws of any jurisdiction other than those of the State of New York. Any legal suit, action or proceeding arising out of or relating to this Agreement ***must be instituted*** in the federal courts of the United States of America or the courts of the State of New York, ***in each case located in the City of New York and County of New York***, and ***each Party irrevocably submits to the exclusive jurisdiction of such courts*** in any such suit, action or proceeding." (Dkt. 1, Ex. H, ¶ 11)(emphasis added);

- "The Parties represent and acknowledge that in executing this Agreement they did not rely, and have not relied, upon any representation or statement, whether oral or written, made by the other Party of by that other Party's agents, representatives, or attorneys with regard to the subject matter, basis or effect of this Agreement or otherwise." (Dkt. 1, Ex. H, ¶12).

The Agreement, in sum, unequivocally and unambiguously manifests the

Parties' shared understanding and intent that any action arising out of or relating to the World Tech nitrile gloves **must be filed** in a court of appropriate jurisdiction in New York.

### III. LEGAL ARGUMENT

The March 4, 2021 Settlement Agreement is unambiguous and mandates dismissal of the present action under the doctrine of forum non conveniens. *Sinochem Int'l v. Malaysia Int'l Shipping Corp.* 549 U.S. 422, 430 (2007). Every claim made by Bur-Tex in this action against Inov8 and Safdeye arises directly out of the subject matter of the Settlement Agreement. Indeed, the mutual release in the Settlement Agreement expressly governs precisely the type of claims currently being pursued by Bur-Tex and precludes those claims (which would independently mandate dismissal of the current matter). By its express terms, all Bur-Tex's claims in this matter must be pursued solely and exclusively in the State of New York.

#### A. THE SETTLEMENT AGREEMENT CLEARLY AND UNAMBIGUOUSLY GRANTS EXCLUSIVE JURISDICTION TO NEW YORK COURTS

Paragraph 11 of the Settlement Agreement states: "Any legal suit, action or proceeding arising out of or relating to this Agreement ***must be instituted*** in the federal courts of the United States of America or the courts of the State of New York, ***in each case located*** in the City of New York and County of New York, and each Party ***irrevocably submits to the exclusive jurisdiction of such courts*** in any such suit, action or proceeding." (Dkt. 1, Ex. H, ¶ 11)(emphasis added)

Simply stated, this provision mandates that any action arising out of Bur-Tex's acquisition of World Tech gloves against Inov8, Safdeye and their agents be pursued exclusively in the City of New York. *See Sun v. Advanced China Healthcare, Inc.*,

1   901 F.3d 1081, 1086 (9th Cir. 2018) (holding that disputes need only have a logical

2   connection to the subject matter of the parties' agreement to be governed by that

3   agreement's forum selection provision). The Settlement Agreement grants no one,

4   including Bur-Tex, the discretion to choose a venue outside of New York. And no

5   amount of mental gymnastics can reasonably lead to a contrary conclusion.

6       In a ultimately fatal effort to evade enforcement of this mandatory provision,

7   the Complaint alleges that Bur-Tex was improperly induced into executing the

8   Settlement Agreement. The law requires much more to invalidate a forum selection

9   provision.

10       B.   <u>THE MANDATORY FORUM SELECTION PROVISION IS
11   ENFORCEABLE DESPITE BUR-TEX'S ALLEGATION OF
    INDUCEMENT</u>

12       "[E]nforcement of valid forum selection clauses, bargained for by the parties,

13   protects their legitimate expectations and furthers vital interest of the justice system."

14   *Atlantic Marine Construction Co., Inc. v. U.S. District Court for Western Dist. of*

15   *Texas*, 571 U.S. 49, 63 (2013) ) ("Atlantic Marine"). Accordingly, "[a] valid forum-

16   selection clause [should be] given controlling weight in all but the most exceptional

17   cases." *Id*. Federal law, not State Law, governs review of forum selection

18   provisions. *See Sun v. Advanced China Healthcare, Inc.*, 901 F.3d 1081, 1086 (9th

19   Cir. 2018) ("We apply federal contract law to interpret the scope of a forum-selection

20   clause even in diversity actions, such as this one."). To be subject to the forum

21   selection provision, the dispute need only have a logical connection to the

22   Agreement. *Id.*

23       Bur-Tex, Inov8 and Safdeye irrevocably agreed in the Settlement Agreement

24   that New York courts would have exclusive jurisdiction over any claims arising out

INOV8 AND SAFDEYE'S MOTION TO DISMISS FOR FORUM NON CONVENIENS

of Bur-Tex's acquisition of World Tech gloves.  Not surprisingly, the Complaint makes no mention of the mandatory forum selection provision in the Settlement Agreement.  At best, then, the Complaint suggests this mandatory provision does not control because Bur-Tex was improperly induced to enter into the Settlement Agreement as a whole.  Unfortunately for Bur-Tex, such general claims of fraud do not and cannot nullify a mandatory forum selection provision.  *See M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 15 (1972), *Petersen v. Boeing Co.*, 715 F.3d 276, 280 (9th Cir. 2013).

As confirmed by the United States Supreme Court, a "forum-selection clause in a contract is not enforceable if the *inclusion of that clause in the contract* was the product of fraud or coercion." *Scherk v. Alberto–Culver Co.*, 417 U.S. 506, 519 fn. 14. (Emphasis in original.).  Ninth Circuit precedent is uniformly in accord.  *See Richards v. Lloyd's of London*, 135 F.3d 1289, 1297 (9th Cir. 1998) ("For a party to escape a forum selection clause on the grounds of fraud, it must show that 'the *inclusion of that clause in the contract* was the product of fraud or coercion.' (citations omitted)."  Here, the Complaint makes no mention of the mandatory forum selection provision and certainly does not allege that the inclusion of that provision was the product of fraud.  Absent such allegations (and supporting proof) the mandatory forum selection provision in the Settlement Agreement governs the present matter.

Moving Parties Inov8 and Safdeye believe Bur-Tex will contend that the Settlement Agreement is unenforceable as it (1) lacks consideration, (2) was entered into under duress, and (3) is nonetheless void because Inov8 and Safdeye purportedly

knew that Brent Burgess lacked the authority to sign it.[4] None of these arguments address the inclusion of the forum selection provision in the Settlement Agreement, and are therefore irrelevant to the Court's determination of the present motion.

Even if these arguments could be properly considered, all of them are entirely devoid of merit. First, the Settlement Agreement itself sets forth the good and valuable consideration, the receipt and sufficiency of which the Parties expressly acknowledged. Pursuant to the Agreement, Bur-Tex was relieved of the obligation to (a) purchase additional product through Inov8, (b) make any additional payments for products already purchased, and (c) take delivery of Product already ordered. (Dkt. 1, Ex. H, ¶1.). Second, the Settlement Agreement unequivocally declares that Bur-Tex did not rely on any representations by Inov8, Safdeye or anyone else in entering into the settlement. And third, Brent Burgess signed the Settlement Agreement and identified his title at Bur-Tex as "CEO." Mr. Burgess' recent revelation that he is merely a salesperson at Bur-Tex without authority to bind the company to any agreements fails to explain why Mr. Burgess self-identified as the CEO of Bur-Tex.[5]

In sum, Bur-Tex, through its CEO Brent Burgess, entered into a demonstrably valid Settlement Agreement and agreed to the exclusive jurisdiction of the New York

---

[4] These are the three arguments raised by Bur-Tex in Plaintiff's Opposition to Defendant World Tech Toys, Inc.'s Motion to Dismiss for Forum Non Conveniens filed in this matter on January 13, 2023. (Dkt. 40)

[5] See Declaration of Brent Burgess in Support of Plaintiff's Opposition to Defendant World Tech Toys, Inc.'s Motion to Dismiss for Forum Non Conveniens filed January 13, 2013. (Dkt. 40-1). It also fails to explain how Safdeye purportedly knew that Mr. Burgess was not the CEO and could not bind bur-Tex. Moreover, as evidenced in the Reply Declaration of Aaron M. McKown in Support of Defendant World Tech Toys, Inc.'s Motion to Dismiss for Forum Non-Conveniens (Dkt. 44-1) it appears Mr. Burgess has continuously held himself out to the public as Bur-Tex's CEO. The Court should therefore disregard any recent pronouncement by Mr. Burgess to the contrary.

INOV8 AND SAFDEYE'S MOTION TO DISMISS FOR FORUM NON CONVENIENS

courts employing New York law for any dispute relating to Bur-Tex's acquisition of World Tech gloves. Bur-Tex does not, and cannot, contend that the inclusion of the mandatory forum selection provision was obtained through fraud or duress, and as such cannot avoid enforcement of the forum selection provision.

## IV. CONCLUSION

For the reasons stated hereinabove, as well as those fully briefed in connection with World Tech Toys, Inc.'s currently pending Motion to Dismiss for Forum Non Conveniens, the valid and enforceable mandatory forum selection provision in the March 4, 2021 Settlement Agreement signed by Bur-Tex's CEO requires dismissal of the pending action.

DATED: January 20, 2023         STILESPOMEROY LLP

                                By: _____/s/ *Michael J. Stiles*_____
                                MICHAEL STILES
                                Attorneys for Defendants INOV8
                                MARKETING LLC and JACK SAFDEYE