_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

JS-6

Case No.: 2:22-cv-07547-FWS-KK                                    Date: April 20, 2023
Title: Bur-Tex Hosiery Inc. v. World Tech Toys Inc. *et al.*

Present: **HONORABLE FRED W. SLAUGHTER, UNITED STATES DISTRICT JUDGE**

| Melissa H. Kunig | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

Attorneys Present for Plaintiff:                              Attorneys Present for Defendants:

Not Present                                                                   Not Present

**PROCEEDINGS: ORDER DENYING MOTIONS TO DISMISS [28], [45] AND *SUA SPONTE* TRANSFERRING ACTION TO UNITED STATES DISTRICT COURT, SOUTHERN DISTRICT OF NEW YORK**

Before the court are motions brought by Defendants World Tech Toys, Inc. ("World Tech"), Inov8 Marketing, LLC ("Inov8") and Inov8's CEO Jack Safdeye ("Safdeye") (collectively, "Defendants") seeking dismissal of this action under the doctrine of *forum non conveniens*. (Dkts. 28, 54.)  The matters are fully briefed. (*See* Dkts. 40, 44, 47-48.)  Based on the state of the record, as applied to the applicable law, the court **DENIES** the Motion insofar as it seeks dismissal, but having received argument on the enforceability and validity of the forum selection clause at issue mandating venue in the City and County of New York, the court *sua sponte* **TRANSFERS** this action to the United States District Court, Southern District of New York.

### I.    Background[1]

Plaintiff Bur-Tex Hosiery, LLC ("Bur-Tex") brings this action based on its purchases of personal protective equipment from World Tech and Inov8 during the COVID-19 pandemic. (*See* Dkt. 1 ¶¶ 13-107.)  Bur-Tex purchased 760,000 boxes of nitrile gloves from World Tech in a transaction requiring payment through Inov8, to fulfill purchase orders Bur-Tex received from Cintas, a nonparty to this action. (*Id.* ¶¶ 32-47.)  However, Cintas informed Bur-Tex the gloves

---

[1] These facts are sourced from the Complaint in this action.

**CIVIL MINUTES – GENERAL**                                                                                                1

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 2:22-cv-07547-FWS-KK                                              Date: April 20, 2023
Title: Bur-Tex Hosiery Inc. v. World Tech Toys Inc. *et al.*

were not 100% nitrile upon receipt of the first 145,210 boxes, despite documentation from World Tech stating otherwise, and so Cintas cancelled the pending orders. (*Id.* ¶¶ 48-53.) After some negotiations between Inov8, Safdeye, World Tech, and Bur-Tex, Bur-Tex ultimately signed an agreement with Inov8 releasing Bur-Tex's claims "arising from" the delivery of the nonconforming gloves ("Settlement Agreement"). (*Id.* ¶¶ 53-63 & Exh. H.) The Settlement Agreement provides:

> The Parties, on behalf of themselves, . . . and its and their past, present, and future officers, directors . . . agents, employees, managers, representatives . . . hereby release and discharge the other Party, together with . . . its and their past, present, and future officers, directors . . . agents, employees, managers, representatives . . . from all known and unknown . . . causes of action, suits . . . expenses (including attorneys' fees and costs actually incurred), and punitive damages, of any nature whatsoever, known or unknown, which either Party has or may have had, against the other Party, whether or not apparent or yet to be discovered, or which may hereafter develop, for any acts or omissions related to or arising from
> (a) the order, purchase, and sale of the Products at issue, whether or not such Products were delivered, including without limitation the quality of the Products and the deposits referenced in Section 2 (the "Dispute"),
> (b) an agreement between the Parties,
> (c) any other matter between the Parties and/or
> (d) any claims under federal, state or local law, rule or regulation[.]
>
> This Agreement resolves any claim for relief that is or could have been alleged no matter how characterized . . . related to or arising from the Dispute.

(Compl., Exh. H ¶ 3.) The "Dispute" described in the Settlement Agreement pertains to "Inov8's purchase [of] [p]roducts from a third party" and specifies an amount "deposited by Inov8 with those third parties" relating to the personal protective equipment Bur-Tex purchased from World Tech. (*See id.* ¶ 2; Compl. ¶ 61.) The Settlement Agreement also includes a merger clause stating "[t]his Agreement constitutes the entire agreement and understanding of the Parties and supersedes all prior negotiations and/or agreements, proposed or otherwise, written or oral concerning the subject matter hereof," (Compl., Exh. H ¶ 8), and a similar clause

**CIVIL MINUTES – GENERAL**                                                                                        2

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.: 2:22-cv-07547-FWS-KK | Date: April 20, 2023 |
| Title: Bur-Tex Hosiery Inc. v. World Tech Toys Inc. *et al.* | |

stating "[t]he Parties represent and acknowledge that in executing this Agreement they did not rely, and have not relied, upon any representation or statement, whether oral or written, made by the other Party of by that other Party's agents, representatives, or attorneys with regard to the subject matter, basis or effect of this Agreement or otherwise," (*id.* ¶ 12).  Finally, the Settlement Agreement includes a forum selection clause, stating in relevant part:

> Any legal suit, action or proceeding arising out of or relating to this Agreement must be instituted in the federal courts of the United States of America or the courts of the State of New York, in each case located in the City of New York and County of New York, and each Party irrevocably submits to the exclusive jurisdiction of such courts in any such suit, action or proceeding.
>
> (*Id.* ¶ 11.)

Bur-Tex asserts several causes of action against Defendants based on the delivery of the allegedly nonconforming goods and statements made by Defendants in the course of the parties' negotiations.  (Compl. ¶¶ 108-333.)  Defendants contend the forum selection clause above requires this dispute to be heard exclusively in a state or federal court located in New York City, New York.  (*See generally* Dkts. 28, 45.)  Bur-Tex opposes the motions, arguing that the Settlement Agreement is unenforceable, the forum selection clause permits this court's jurisdiction, and WTT cannot enforce it.  (*See generally* Dkts. 40, 47.)  In reply, Defendant argues Bur-Tex's positions are unsupported by the facts underlying this case and the applicable law.  (*See generally* Dkts. 44, 48.)

## II.    Discussion

"When the parties have agreed to a valid forum-selection clause, a district court should ordinarily transfer the case to the forum specified in that clause."  *Atl. Marine Const. Co. v. U.S. Dist. Ct. for W. Dist. of Tex.*, 571 U.S. 49, 62 (2013).  There are three "exceptional reasons or extraordinary circumstances in which courts should not give controlling weight" to a valid forum selection clause:

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 2:22-cv-07547-FWS-KK                                       Date: April 20, 2023
Title: Bur-Tex Hosiery Inc. v. World Tech Toys Inc. *et al.*

> [A] forum-selection clause [is] controlling unless the plaintiff [makes] a strong showing that: (1) the clause is invalid due to "fraud or overreaching," (2) "enforcement would contravene a strong public policy of the forum in which suit is brought, whether declared by statute or by judicial decision," or (3) "trial in the contractual forum will be so gravely difficult and inconvenient that [the litigant] will for all practical purposes be deprived of [their] day in court."

*Yei A. Sun v. Advanced China Healthcare, Inc.*, 901 F.3d 1081, 1088 (9th Cir. 2018) (fourth alteration in original) (quoting *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 15, 18 (1972)).

    A.     <u>Validity of the Settlement Agreement and its Forum Selection Clause</u>

Bur-Tex contends the Settlement Agreement between Inov8 and Bur-Tex is unenforceable because (1) "the contract lacks any and all consideration"; (2) "was entered into by means of severe economic duress and coercion"; and (3) "failed to bind [Bur-Tex] as [its signatory] lacked any authority to enter into the Invalid Release, and Defendants knew it." (Dkt. 40 at 10; *accord* Dkt. 47 at 10.)  The court finds these arguments unpersuasive.

As an initial matter, Bur-Tex argues cites California law in support of its assertion that the Settlement Agreement is unenforceable or invalid.  (Dkt. 40 at 9-10; *accord* Dkt. 47 at 9-10.)  Defendants refer to federal law.  (*See* Dkt. 42 at 5-6.)  While the Ninth Circuit recently noted that "the Supreme Court did not answer [in *Atlantic Marine*] whether state or federal law governs the validity of a forum-selection clause" and reserved the question of whether state law would govern the "validity of a forum-selection clause that had not been voided," *DePuy Synthes Sales, Inc. v. Howmedica Osteonics Corp.*, 28 F.4th 956, 963 nn.4, 6 (9th Cir. 2022), the Ninth Circuit has also stated on several occasions that "[t]he enforceability of a forum-selection clause is governed by federal law," *e.g.*, *Petersen v. Boeing Co.*, 715 F.3d 276, 280 (9th Cir. 2013).  Several Ninth Circuit decisions have referred to federal law governing the "validity" of the clause.  *See, e.g.*, *Lewis v. Liberty Mut. Ins. Co.*, 953 F.3d 1160, 1164 (9th Cir. 2020) (citing *Peterson*, 715 F.3d at 280); *Spradlin v. Lear Siegler Mgmt. Servs. Co.*, 926 F.2d 865, 867 (9th Cir. 1991) (citing *Manetti-Farrow, Inc. v. Gucci America, Inc.*, 858 F.2d 509, 513 (9th Cir. 1988)).  Ultimately, though, the Supreme Court in *Atlantic Marine* "presuppose[d] a contractually valid forum-selection clause," 571 U.S. at 62 n.5, and here, Plaintiff challenges

**CIVIL MINUTES – GENERAL**                                                      4

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.: 2:22-cv-07547-FWS-KK | Date: April 20, 2023 |
| Title: Bur-Tex Hosiery Inc. v. World Tech Toys Inc. *et al.* | |

the validity of the Settlement Agreement itself in its entirety.  Accordingly, the court applies California law to the issue of whether a valid contract exists in the first place, and federal law to the clause itself.  *See Lewis*, 953 F.3d at 1164-65 (evaluating plaintiffs' argument whether contract itself was binding on plaintiffs under California law provisions cited by plaintiffs).

First, the Settlement Agreement is not wanting for consideration.  A valid contract under California law consists of (1) parties capable of contracting; (2) their consent; (3) a lawful object of the agreement; and (4) sufficient consideration.  Cal. Civ. Code § 1550.  "Any benefit conferred, or agreed to be conferred, upon the promisor, by any other person, to which the promisor is not lawfully entitled, or any prejudice suffered, or agreed to be suffered, by such person, other than such as he is at the time of consent lawfully bound to suffer, as an inducement to the promisor" is sufficient consideration.  *Id.* § 1605.

In the Settlement Agreement, the parties acknowledged they agreed to its terms "for good and valuable consideration, the receipt and sufficiently of which is hereby acknowledged and intending to be legally bound hereby."  (Compl., Exh. H, Background.)  Under California law, that recital, though not necessarily conclusive, "is an admission, and it is prima facie evidence that such was the consideration."  1 Witkin, Summary 11th Contracts § 207 (2022).  And the Settlement Agreement, as a "written instrument[,] is presumptive evidence of a consideration."  Cal. Civ. Code § 1614.  It also expressly provides that Bur-Tex would be relieved of its outstanding contracultural obligations to purchase products from Inov8 in exchange for the parties releasing their respective claims related to the underlying contracts.  (*See* Compl., Exh. H, Background & ¶¶ 1-3.)  Based on these provisions, the court finds the Settlement Agreement does not lack consideration.  *See Rutgard v. Haynes*, 11 F. App'x 818, 818 (9th Cir. 2001) (noting that "[u]nder California law, 'surrender of [even] a possibly meritless claim which is disputed in good faith is valid consideration'") (quoting *Murphy v. T. Rowe Price Prime Reserve Fund, Inc.*, 8 F.3d 1420, 1423 (9th Cir. 1993)) (citing *Goldstone-Tobias Agency, Inc. v. Barbroo Enters. Prods., Inc.*, 237 Cal. App. 2d 720, 722 (1965)).

Second, Bur-Tex's argument the Settlement Agreement in its entirety was procured by fraud is unpersuasive.  Bur-Tex seeks to void the Settlement Agreement in its entirety based on "economic duress and coercion" as defined under California law because Defendants assertedly stated an unidentified buyer would purchase the personal protective equipment not yet delivered

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.: 2:22-cv-07547-FWS-KK | Date: April 20, 2023 |
| Title: Bur-Tex Hosiery Inc. v. World Tech Toys Inc. *et al.* | |

to Cintas once the Settlement Agreement was executed, but the buyer pulled out after the Settlement Agreement was signed. (Dkt. 40 at 9-10; *accord* Dkt. 47 at 9-10; *see also* Dkt. 47-1 ¶¶ 7-8.) Based on the record, the court does not find Defendants' conduct constitutes "a wrongful act which is sufficiently coercive to cause a reasonably prudent person faced with no reasonable alternative to succumb to the perpetrator's pressure" beyond permissible "[h]ard bargaining." *See Rich & Whillock, Inc. v. Ashton Dev., Inc.*, 157 Cal. App. 3d 1154, 1158 (1984) (citations omitted). The Settlement Agreement provides it "supersedes all prior negotiations and/or agreements, proposed or otherwise, written or oral concerning the subject matter hereof"; accordingly, its terms do not permit reliance on oral representations that some undisclosed third party would purchase the remaining personal protective equipment. (Compl., Exh. H, ¶ 8.) It further provides that the parties "intend this Agreement to be legally binding" and acknowledge that they "ha[d] relied upon the legal advice of their respective attorneys who are the attorneys of their own choosing, [and] that such terms are fully understood and accepted by them." (*Id.* ¶¶ 7, 12.) In light of these acknowledgements, Bur-Tex's subsequent assertions Mr. Brent Burgess was pressured into signing it are insufficient. *See ConocoPhillips Co. v. Milestone Pac. Properties, LLC*, 2010 WL 3619576, at *7 (N.D. Cal. Sept. 13, 2010) (finding, considering similar facts and language in a settlement agreement, the party's "after-the-fact assertion of 'economic duress' rings hollow").

To the extent Bur-Tex invokes *Bremen*'s "fraud or overreaching" exception to invalidate the forum selection clause, the Ninth Circuit recently rejected this very argument. *See Fouad on behalf of Digital Soula Sys. v. State of Qatar*, 846 F. App'x 466, 469 (9th Cir. 2021). "The Supreme Court has noted that simply alleging that one was duped into signing the contract is not enough." *Richards v. Lloyd's of London*, 135 F.3d 1289, 1297 (9th Cir. 1998) (citing *Scherk v. Alberto-Culver Co.*, 417 U.S. 506, 519 n.14 (1974)). Instead, "[f]or a party to escape a forum selection clause on the grounds of fraud, it must show that '*the inclusion of that clause in the contract* was the product of fraud or coercion.'" *Id.* (quoting *Scherk*, 417 U.S. at 519 n. 14). Here, "by failing to differentiate the alleged fraud that induced [Bur-Tex] to enter the Settlement Agreement from any separate proof of fraud concerning inclusion of the forum selection clause, [Bur-Tex] [does] not meet [its] burden." *Fouad*, 846 F. App'x at 469.

Third, the materials before the court do not indicate Bur-Tex's signatory to the Settlement Agreement, Mr. Brent Burgess, lacked authority to do so and that this was a fact known to

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 2:22-cv-07547-FWS-KK    Date: April 20, 2023
Title: Bur-Tex Hosiery Inc. v. World Tech Toys Inc. *et al.*

Defendants.  Ultimately, neither party disputes Mr. Brent Burgess' signature appears on the Settlement Agreement for Bur-Tex, which lists his "Title" as "CEO."  (Exh. H at 6.)  Safdeye is the counter-signatory to the Settlement Agreement, who is similarly listed as Inov8's "CEO"; it is undisputed that he signed the Settlement Agreement in his capacity as Inov8's Chief Executive Officer.  (*Id.*)  Additionally, Defendants have submitted evidence that Mr. Brent Burgess is generally regarded, and holds himself out as, the President and/or CEO of Bur-Tex.  Specifically, Defendants point to Mr. Brent Burgess's LinkedIn page identifying him as such, Bur-Tex's Better Business Bureau Profile describing Mr. Brent Burgess as the President, and news articles local to Bur-Tex's operations in Alabama also describing Mr. Brent Burgess as CEO.  (*See* Dkt. 44-1, Exhs. A-C.)  Having reviewed these materials, the court finds the record suggests Mr. Brent Burgess holds himself out as Bur-Tex's President and/or CEO, though the evidence it is not necessarily dispositive.

Bur-Tex offers as contrary evidence the declaration of Mr. Wayne Burgess, who states he is Bur-Tex's "only executive of Bur-Tex who had and has authority to enter into a Settlement Agreement," Mr. Brent Burgess "had no authority" to bind Bur-Tex to it, and Inov8 and Safdeye "were knowledgeable that the [Settlement Agreement was unenforceable."  (*See* Dkt. 40-2 ¶¶ 3-5.)  Similarly, the declaration of Mr. Brent Burgess states he was "pressured and coerced" after being given 20 minutes to sign the Settlement Agreement despite not having authority to do so.  (Dkt. 40-1 ¶¶ 8-10.)  Mr. Brent Burgess describes himself as "a sales representative for [Bur-Tex]" but does not clearly state his position title or job responsibilities, nor are these matters described in Mr. Wayne Burgess's declaration.  (*Id.* ¶ 2; *see* Dkt. 40-2.)

In sum, the materials and arguments before the court are insufficient to demonstrate invalidity based on Mr. Brent Burgess lacking authority to sign the Settlement Agreement.  Ostensibly relevant information—such as information related to Bur-Tex's corporate governance, Bur-Tex's internal procedures, organizational structure, bylaws, governing law, or similar information that might bear on the scope of Mr. Brent Burgess's authority—is absent from the record.  There is also no evidence demonstrating Defendants had knowledge Mr. Brent Burgess could not bind Bur-Tex beyond the conclusory statements of the Burgess's declarations.  Contrary to these assertions, the Settlement Agreement itself includes a clause

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.: 2:22-cv-07547-FWS-KK | Date: April 20, 2023 |
| Title: Bur-Tex Hosiery Inc. v. World Tech Toys Inc. *et al.* | |

that each party "warrants and represents that the person signing this Agreement on its behalf has authority to bind that Party . . . ." (Compl., Exh. H ¶ 14.) Accordingly, the declarations of Mr. Brent Burgess and Mr. Wayne Burgess do not demonstrate a sufficient factual basis from which the court could infer Mr. Brent Burgess lacked authority to sign the Settlement Agreement and this was a fact known to Defendants; Mr. Brent Burgess's and Mr. Wayne Burgess's conclusory statements to the contrary are insufficient to do so. *See Nigro v. Sears, Roebuck & Co.*, 784 F.3d 495, 497 (9th Cir. 2015) ("[D]istrict court[s] can disregard a self-serving declaration that states only conclusions and not facts that would be admissible evidence.") (citations omitted). Given the absence of credible evidence rebutting that indicating Mr. Brent Burgess holds himself out as President and/or CEO of Bur-Tex, the general proposition that a corporation may be held responsible for statements made by its general manager in the course of the corporation's business in both this state and Bur-Tex's state of incorporation, Alabama, *see Bakst v. Cmty. Mem'l Health Sys., Inc.*, 2011 WL 13214315, at *4-5 (C.D. Cal. Mar. 7, 2011); *Anderson v. McAllister Towing & Transp. Co.*, 17 F. Supp. 2d 1280, 1289 (S.D. Ala. 1998), *aff'd sub nom. Anderson v. McAllister Towing*, 202 F.3d 287 (11th Cir. 1999), and the parties' arguments, the court finds Mr. Brent Burgess has not established he was incapable of binding Bur-Tex to the Settlement Agreement, *see Disibio v. Bank of Oakland*, 71 F. App'x 760, 762 (9th Cir. 2003) (rejecting argument party's representative who entered into the subject contract with the counterparty "did not have authority to enter into a settlement agreement" where the representative was the party's "President and CEO").

For purposes of the Motion, the Settlement Agreement is valid. The court next considers whether its forum selection clause mandates venue in New York, or merely permits it.

B.      <u>Whether the Clause is Mandatory</u>

Bur-Tex contends that the Settlement Agreement's forum selection clause permits, but does not mandate, venue in New York. In its view, the clause's use of the third "or" in the provision that "[a]ny legal suit, action or proceeding arising out of or relating to this Agreement must be instituted in the federal courts of the United States of America or the courts of the State of New York" permits venue in the state courts of New York and any federal court of

**CIVIL MINUTES – GENERAL**                                                                                8

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 2:22-cv-07547-FWS-KK                                      Date: April 20, 2023
Title: Bur-Tex Hosiery Inc. v. World Tech Toys Inc. *et al.*

competent jurisdiction. Bur-Tex further asserts that the immediately following statement, "in each case located in the City of New York and County of New York, and each Party irrevocably submits to the exclusive jurisdiction of such courts in any such suit, action or proceeding," merely qualifies the proper venue for state court actions. (Dkt. 40 at 7-9; *accord* Dkt. 47 at 7-9.) The court finds the plain language of the clause mandates venue in New York regardless.

Courts in the Ninth Circuit apply federal law in their interpretation of forum selection clauses. *Manetti-Farrow*, 858 F.2d at 512. In doing so, courts "look for guidance 'to general principles for interpreting contracts.'" *Doe 1 v. AOL LLC*, 552 F.3d 1077, 1081 (9th Cir. 2009) (quoting *Klamath Water Users Protective Ass'n v. Patterson*, 204 F.3d 1206, 1210 (9th Cir. 1999)). That is, "[c]ontract terms are to be given their ordinary meaning, and when the terms of a contract are clear, the intent of the parties must be ascertained from the contract itself. Whenever possible, the plain language of the contract should be considered first." *Id.* (citation and internal quotation marks omitted).

Here, the court finds the plain language of the forum selection clause mandates venue in New York County, New York. Though the clause does phrase the choice of state or federal forum optionally by stating the parties may institute proceedings in federal *or* state court, it is clear to the court that "*in each case* located in the City of New York and County of New York" applies to both preceding forums. As written, "in each case" does not distinguish between cases brought in federal or state court and is offset from the uninterrupted statement, "the federal courts of the United States of America or the courts of the State of New York," by a comma. If interpreted in Bur-Tex's view, "in each case" would be rendered superfluous given the antecedent statement delineates between cases brought in federal and state courts, but not in other respects. Accordingly, the court finds the plain language unambiguously requires a federal or state case to which the clause applies must be brought in New York, though it does not necessarily mandate a state or federal forum.

On review of the Complaint, (*see generally* Dkt. 1), Bur-Tex's claims all relate to Defendant's alleged failure to deliver goods that Bur-Tex purchased from Defendant, which form the basis of the dispute contemplated by the Settlement Agreement. Accordingly, this action "arises out of" the Settlement Agreement, and thus falls within the scope of the forum selection clause mandating venue in the federal and state courts of the County and City of New

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 2:22-cv-07547-FWS-KK                                                                Date: April 20, 2023
Title: Bur-Tex Hosiery Inc. v. World Tech Toys Inc. *et al.*

York, New York.  Thus, the court finds the forum selection clause mandates venue in courts located in the Southern District of New York based on its language that "[a]ny legal suit, action or proceeding arising out of or relating to this Agreement must be instituted in the federal courts of the United States of America or the courts of the State of New York, in each case located in the City of New York and County of New York."  (Compl., Exh. H ¶ 11.)  *See* 28 U.S.C. § 112(b) (stating "[t]he Southern District [of New York] comprises the counties of Bronx, Dutchess, New York, Orange, Putnam, Rockland, Sullivan, and Westchester and concurrently with the Eastern District, the waters within the Eastern District").

      C.      <u>Whether the Forum Selection Clause Applies to World Tech Toys</u>

Finally, Bur-Tex contends World Tech is not a party or intended beneficiary to the Settlement Agreement.  (Dkt. 40 at 11-13; *accord* Dkt. 47 at 11-13.)  However, the Ninth Circuit has held that courts may enforce a forum selection clause against a nonsignatory to the contract where "the alleged conduct of the nonparties is closely related to the contractual relationship."  *Manetti-Farrow*, 858 F.2d at 514 n.5; *see also Holland Am. Line Inc. v. Wartsila N. Am., Inc.*, 485 F.3d 450, 456 (9th Cir. 2007).  At base, Bur-Tex's claims against World Tech are rooted in Bur-Tex's purchases of nitrile gloves from Inov8, pursuant to which Inov8 purchased the gloves from World Tech.  (*See* Compl. ¶¶ 32-76.)  Relevantly, the Settlement Agreement encompasses the parties as well as "their past, present, and future officers, directors . . . agents, employees, managers, representatives . . . ."  (Compl., Exh. H, ¶ 3.)  Considering Bur-Tex's claims against World Tech stems from the same contractual relationship it had Inov8 and the broad language of the Settlement Agreement that covers related parties, the court finds Bur-Tex's causes of action against World Tech are sufficiently closely related to its contractual relationship with Inov8 that they fall within the scope of the Settlement Agreement's forum selection clause.  *See Holland Am.*, 485 F.3d at 456 (applying forum selection clause to nonsignatories where the transactions between those parties and the plaintiff "took place as part of the larger contractual relationship" between the plaintiff and the signatory to the contract).

      D.      <u>The Court will Transfer, not Dismiss, this Action</u>

Defendants seek dismissal of this action pursuant to Federal Rule of Civil Procedure 12(b)(3) under the doctrine of *forum non conveniens*.  However, the Supreme Court in *Atlantic*

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.: 2:22-cv-07547-FWS-KK | Date: April 20, 2023 |
| Title: Bur-Tex Hosiery Inc. v. World Tech Toys Inc. *et al.* | |

*Marine* clarified that "[s]ection 1406(a) and Rule 12(b)(3) allow dismissal only when venue is 'wrong' or 'improper,'" 571 U.S. at 55, and, because "a forum-selection clause does not render venue in a court 'wrong' or 'improper' within the meaning of § 1406(a) or Rule 12(b)(3), the clause may be enforced through a motion to transfer under § 1404(a)" under the doctrine of *forum non conveniens*, *see id.* at 59-61.  Where, as here, "the parties are first given the opportunity to present their views on the issue," there is a "long-approved practice of permitting a court to transfer a case *sua sponte* under the doctrine of *forum non conveniens*, as codified at 28 U.S.C. § 1404(a)."  *Costlow v. Weeks*, 790 F.2d 1486, 1488 (9th Cir. 1986); *accord Tazoe v. Airbus S.A.S.*, 631 F.3d 1321, 1336 (11th Cir. 2011).

      The parties have fully briefed their arguments regarding the applicability of the Settlement Agreement's forum selection clause and whether this action must be heard in this court or one located in the Southern District of New York, albeit in the context of a technically improper procedural mechanism seeking dismissal instead of transfer.  Having found the forum selection clause valid and enforceable, applicable to Plaintiff's claims, and because Bur-Tex has not otherwise met its burden "of establishing that transfer is unwarranted" by setting forth "extraordinary circumstances unrelated to the convenience of the parties clearly disfavor a transfer," *see Gemini Techs., Inc. v. Smith & Wesson Corp.*, 931 F.3d 911, 913 (9th Cir. 2019) (internal quotation marks omitted) (citing *Atl. Marine*, 571 U.S. at 52, 63-64), the court will *sua sponte* transfer this action to the Southern District of New York.

      In sum, the court **DENIES** Defendant's motion to dismiss this case under the doctrine of *forum non conveniens*.  However, given Defendant's motion demonstrates the parties' forum selection clause applies to Bur-Tex's claims and mandates venue in the Southern District of New York, the court *sua sponte* **TRANSFERS** this action to the United States District Court, Southern District of New York.

      **IT IS SO ORDERED.**

                                                                Initials of Deputy Clerk:  mku