

May 17, 2023

Noah M. Weissman
Partner
Direct: 212-541-2028
Fax: 212-541-1428
nmweissman@bclplaw.com

BRYAN CAVE LEIGHTON PAISNER LLP
1290 Avenue of the Americas
New York NY 10104 3300
T: +1 212 541 2000
F: +1 212 541 4630
bclplaw.com

The Honorable Lorna G. Schofield
Thurgood Marshall United States Courthouse
United States District Court for the S.D.N.Y.
40 Foley Square
New York, NY 10007

<u>Via ECF</u>

      Re:   *Bur-Tex Hosiery, Inc. v. World Tech Toys, Inc., et al.*,
            <u>Case No. 1:23-cv-03454-LGS</u>

Dear Hon. Schofield:

Defendant World Tech Toys, Inc. ("WTT") hereby submits this letter to the Court pursuant to the Court's Order dated April 26, 2023. WTT made several unsuccessful attempts to engage counsel for the other parties in order for the parties to submit this report and the proposed Civil Case Management Plan and Scheduling Order jointly. In the absence of their participation, WTT submits this report and proposed Civil Case Management Plan and Scheduling Order (annexed hereto as Exhibit 1) on its own behalf. WTT does note that the parties previously engaged in a Rule 26 conference prior to the case being transferred by the Central District of California. The proposed Civil Case Management Plan and Scheduling Order annexed hereto as Exhibit 1 is similar the one agreed-upon in the Central District of California action (annexed hereto as Exhibit 2).

(1) This case involves a dispute regarding the purchase and sale of certain personal protective equipment during the pandemic, specifically, examination gloves. Plaintiff alleges that Defendants Invo8 Marking LLC, Jack Safdeye, and David Linker made various representations regarding the quality of the gloves, which Plaintiff relied upon in purchasing them. Plaintiff contends that those same Defendants sourced the gloves from WTT and that the gloves were not as represented, which resulted in Plaintiff's customer returning the gloves. Plaintiff contends that it discovered the alleged non-conforming nature of the gloves and demanded a refund, but was told that no refund would be provided. Plaintiff then voluntarily entered into a settlement agreement and release with Defendant Inov8, which Defendants contend released all of them from the claims asserted. The key issue is whether the settlement agreement is enforceable and to whom it applies and whether this Court has subject matter jurisdiction.

(2) Plaintiff alleges diversity jurisdiction by claiming that Defendant Linker is a North Carolina resident. Defendants, including Linker, contend that this Court lacks subject matter jurisdiction

Page 2



because Linker, like Plaintiff, is an Alabama resident. Venue is appropriate pursuant to the mandatory forum selection clause and Defendants Invo8's and Safdeye's connection to this district. The case was transferred by the Central District of California pursuant to that clause.

(3) Plaintiff is an Alabama corporation with its principal place of business in Alabama. WTT is a California corporation with its principal place of business in California. Inov8 is a New York limited liability company with its principal place of business in New York. WTT is informed and believes that Safdeye is a New York citizen and the sole member of Invo8. Linker is alleged to be a citizen of North Carolina, but WTT is informed and believes that Linker is a citizen of Alabama.

(4) WTT intends to file a motion for judgment on the pleadings to enforce the release provision in the Settlement Agreement attached as Exhibit H to the Complaint and incorporated therein. WTT may also bring a motion to dismiss for lack of subject matter jurisdiction once discovery on Linker's residency can be obtained. If the Court finds that it has insufficient facts to grant the motion for judgment on the pleadings, WTT will likely file a dispositive motion to enforce the release.

Plaintiff filed a motion for reconsideration with the Central District of California challenging the transfer of the case to New York as to WTT only. The matter is set for hearing on June 15, 2023. WTT intends to oppose that motion.

(5) No discovery has occurred to date. WTT anticipates discovery regarding the negotiation and execution of the Settlement Agreement as well as the purchase and sale of the gloves at issue, including representations allegedly made regarding the quality/composition of the gloves.

(6) WTT is not aware how Plaintiff has calculated its damages and has not been able to discern such a calculation from the pleadings.

(7) The parties have not discussed settlement. WTT would welcome a settlement conference.

(8) WTT will also be submitting a pro hac vice application for the following attorney: Aaron M. McKown.

Thank you for the Court's attention to this matter.



Respectfully submitted,

/s/ Noah M. Weissman

**Noah M. Weissman**
Partner