

4225 Executive Sq. Ste 600 La Jolla, CA 92037 | T (619) 793-4827 | F (310) 388-5933

June 15, 2023

The Honorable Lorna G. Schofield
Thurgood Marshall United States Courthouse
United States District Court for the S.D.N.Y.
40 Foley Square
New York, NY 10007                                                                                           **Via ECF**

**Re:**   ***Bur-Tex Hosiery, Inc. v. World Tech Toys, Inc., et al.*, Case No. 1:23-cv-03454**

Dear Judge Schofield:

Plaintiff Bur-Tex Hosiery, Inc. ("Plaintiff") hereby submits this letter in response to Defendants World Tech Toys, LLC ("WTT"), INOV8 Marketing, LLC ("INOV8"), Jack Safdeye ("Defendant Safdeye"), and David Linker ("Defendant Linker") (collectively, "Defendants")'s request for a pre-motion conference (Dkt. #80) and pursuant to the Court's Order dated June 8th, 2023 (Dkt. # 82).

Defendants' letter fails to address the pertinent factual allegations in Plaintiff's complaint, which accepted as true, would not permit dismissal of Plaintiff's claims. In reviewing a motion to dismiss, "the factual allegations in the complaint must be accepted as true, and all reasonable inferences must be drawn in favor of the plaintiff." *Walker v. City of New York*, 974 F. 2d 293, 298 (2nd Cir. 1992); *see also Ashcroft v. Iqbal*, 566 U.S. 662, 678-79 (2009). The same is true for a motion for judgment on the pleadings. *Bermudez Chavez v. Occidental Chemical Corporation*, 35 N.Y. 3d 492, 497 (2020).

The Complaint alleges sufficient factual allegations demonstrating that the Settlement Agreement was the result of fraud in the inducement, unsupported by consideration, and procured through false pretenses and through severe economic duress caused by Defendants. *See* Dkt. #1 ("Complaint"), pg. 14-15, ¶¶ 60-63.. Defendants presuppose that the Settlement Agreement is undisputable—that Defendants are free and clear of their prior misconduct. Instead, the relevant authority makes it abundantly clear that "a party that releases [certain claims] may later challenge that release as fraudulently induced." *Bellefonte Re Ins. Co. v. Argonaut Ins. Co.*, 757 F. 2d 523, 527-528 (2nd Cir. 1985). "A release may be invalidated, however, for any of the 'traditional bases for setting aside written agreements, namely, duress, illegality, fraud, or mutual mistake.'" *Centro Empresarial Cempresa S.A. v. America Movil, S.A.B. de C.V.*, 17 N.Y. 3d 269, 276 (2011) *quoting Mangini v. McClurg*, 24 N.Y. 2d 556, 563 (1969). A signed release merely "shifts the burden of going forward . . . to the [plaintiff] to show that there has been fraud, duress, or some other fact which will be sufficient to void the release." *Fleming v. Ponziani*, 24 N.Y. 2d 105, 111 (1969). Both "merger" and "integration" clauses do not ordinarily prevent a party from showing fraud in the inducement. (24 N.Y. Jur., Fraud and Deceit, § 236, p. 317).

Here, after shamelessly selling Plaintiff millions of dollars of counterfeit medical products in the middle of the pandemic, Defendants pressed Mr. Burgess into signing a release in the space of one hour, making threats and false promises. Discovery will be required in this case to uncover the truth of what happened, what knowledge Defendants had, and when, and whether they made deliberate misrepresentations to Plaintiff as part of a potentially coordinated fraudulent scheme to induce Mr. Burgess into signing the purported release.

There are numerous frauds that Defendants appear to have perpetrated, any one of which would void the Settlement Agreement. First, if Defendants had sold the gloves to Plaintiff already knowing them to be counterfeits, that overarching original fraud would void the later release. Mr. Burgess would not have signed a release if he knew the people pressing it on him already conned him into purchasing the products in the first place. Defendants' feigned ignorance and disingenuous offer to help Plaintiff would have been a mere pretext to exculpate themselves. Second, to induce Mr. Burgess to sign the release, Defendants made various promises and threats, all of which may be revealed by discovery to have amounted to fraudulent inducement and economic duress. Defendants claimed to have a buyer standing by to purchase the excess gloves, and that the deal would be withdrawn unless the release was immediately signed. Complaint, ¶ 62. Right after Mr. Burgess signed, the purported buyer evaporated, and Defendants have never identified if any such person or entity ever really existed. *Id*. Defendant Linker further induced Plaintiff's execution of the Settlement Agreement by informing Plaintiff that if Plaintiff did not sign, Linker would cut off Plaintiff from $3 million worth of other business related to sock sales. *Id.* at ¶ 63. Despite Plaintiff signing the release, Defendant Linker, on information and belief, subsequently transferred the entire sock business to another company run by Defendant Safdeye. *Id*. Plaintiff was also never repaid any amounts under the release, begging the question of whether Defendants ever had any intent to recover Plaintiff's funds, the absence of which would not only support the claim for fraud in the inducement, but would have resulted in lack of any consideration for the release. The very fact that Defendants had prepared so length of a release so quickly, and then demanded that it be signed in the space of an hour, in itself speaks to the strong likelihood of fraud.

Quoting the observation of a respected judge, the court in *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Wise Metals Group, LLC*, 798 N.Y.S. 2d 14, 16 (N.Y. App. Div. 2005) explained "there is no authority that we are required to follow in support of the proposition that a party who has perpetrated a fraud upon his neighbor may, nevertheless, contract with him in the very instrument by means of which it was perpetrated, for immunity against its consequences, close his mouth from complaining of it and bind him never to seek redress."

Under New York law, fraudulent inducement requires: "(1) a knowingly false representation of a material fact and (2) detrimental reliance thereon. The false representation can be either a misrepresentation or the material omission of a fact. Reliance means 'reasonable' reliance." *Junk v. Aon Corp.*, No. 07 Civ. 4640, 2007 WL 4292034, at *6 (S.D.N.Y. Dec. 3, 2007) *citing Wurtsbaugh v. Banc of America Securities LLC*, No. 05 Civ. 6220, 2006 WL 1683416, at *6 (S.D.N.Y. June 20th, 2006). Here, the Complaint sets forth ample facts for fraudulent inducement which would void the release.

Defendants' requested motions here are premature—requiring this Court accept the Settlement Agreement as facially valid, notwithstanding Plaintiff's factual contentions illustrating otherwise. The validity of the Settlement Agreement can only be resolved through discovery. In fact, *each party agreed in the joint status letter filed on June 14th, 2023* (Dkt. #87) *that discovery pertaining to the Settlement Agreement was necessary*. Discovery in this matter will establish that the Settlement Agreement is unenforceable. Only through discovery will Plaintiff have the opportunity to "establish the basic elements of fraud, namely a representation of material fact, the falsity of that representation, knowledge by the

party who made the representation that it was false when made, justifiable reliance by the plaintiff, and resulting injury." *Global Mins. & Metals Corp. v. Holme*, 35 A.D. 3d 93, 98 (2006).

Indeed, discovery may confirm that, after Defendants made their profits selling Plaintiff fraudulently labeled "nitrile gloves," the Defendants worked together to hatch a plan to ensure Plaintiff was the only party who would bear the loss for the defective counterfeit products. Defendant Linker in fact sold Plaintiff three other shipments of counterfeit "nitrile gloves" right after he coerced Plaintiff into signing the Settlement Agreement, though Mr. Burgess did not know this at the time (which is yet another fraud perpetrated on him).

As a point of immediate dispute, and without foregoing Plaintiff's right to conduct discovery concerning the Settlement Agreement, Defendants' pre-motion letter states, without support that, "each of the Defendants are released by the agreement." Defendants have no basis for concluding that non-signatory Defendants Linker and WTT were released by the agreement. If Defendant Linker wished to be a party to the Settlement Agreement, he could have easily signed the agreement as he personally coerced Plaintiff into signing it. Defendants cite Plaintiff's complaint for the position that each of the Defendants are agents of each other, however, Plaintiff never made this direct statement, nor is this position logical: an agency relationship requires that an agent acts on behalf of the principal and thereby not all Defendants can be agents of each other. In fact, WTT has admitted it was not INOV8's agent: "the Court erroneously determined that WTT was Inov8's agent. . . ." Dkt. #66, pg. 8, fn. 1. Insofar as WTT sold defective gloves to INOV8, and INOV8 in turn sold the gloves to Plaintiff, this conduct does not establish that WTT acted "by, through, under, or in concert with" INOV8. Defendants' attempt to include WTT and Linker as parties released in the Settlement Agreement is nothing more than a forced attempt to fit a square peg into a round hole; a contract needs to be specific to be valid.

Defendants try to make much out of the Central District of California court's ruling on what amounted to a simple procedural motion to transfer. At most what the California court concluded was that, based on the limited record before it, it could not as a matter of law invalidate the forum selection clause. Indeed, the Court expressly limited its ruling in this regard. Dkt. # 63, pg. 6-8 ("Based on the record . . . For purposes of the Motion, the Settlement Agreement is valid."). The California court was not presented with a Motion to Dismiss based on the sufficiency of the pleadings and made no decision as to whether the release barred Plaintiff from pursuing its claims against Defendants. See Dkt. #63. Any such ruling, without the benefit of discovery, would have amounted to premature summary judgment. To provide the Parties with the opportunity to fully discern the validity of the Settlement Agreement, Defendants' request for leave of court to file a Motion to Dismiss must be denied. This issue is appropriately reserved for consideration following discovery between the parties.

Respectfully Submitted,

/s/ Steven Riznyk
Steven Riznyk
Admitted Pro Hac Vice (CA SBN #135688)

**SAN DIEGO BIZ LAW APC**
4225 Executive Square, Suite 600
La Jolla, CA 92037
(619) 793-4827; Counsel@SanDiegoBizLaw.com

*Attorneys for Plaintiff, Bur-Tex Hosiery*